UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

ELI LILLY AND COMPANY,

                Defendant.

Civil Action No. 12 - cv - 2045

## FINAL JUDGMENT AS TO DEFENDANT ELI LILLY AND COMPANY

The Securities and Exchange Commission having filed a Complaint and Defendant Eli Lilly and Company ("Eli Lilly") having entered a general appearance; consented to the Court's jurisdiction over Eli Lilly and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Eli Lilly and Eli Lilly's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 30A of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78dd-1] by use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of

any offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

(1) any foreign official for purposes of—

(A)(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Eli Lilly in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of—

(A)(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Eli Lilly in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value shall be offered, given, or promised, directly or indirectly, to any foreign official,

2

to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of—

(A)(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage;

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Eli Lilly in obtaining or retaining business for or with, or directing business to, any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Eli Lilly and Eli Lilly's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect transactions and dispositions of the assets of Eli Lilly.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Eli Lilly and Eli Lilly's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section § 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Eli Lilly is liable for disgorgement of $13,955,196 representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $6,743,538, for a total of $20,698,734. Eli Lilly shall satisfy this obligation by paying $20,698,734within fourteen days after entry of this Final Judgment by wire transfer, certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 100 F Street, NE, Stop 6042, Washington DC 20549,, and shall be accompanied by a cover letter identifying Eli Lilly and Company as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final

Judgment. Eli Lilly shall simultaneously transmit photocopies or other suitable proof of the payment and letter to the Commission's counsel in this action. By making these payments, Eli Lilly relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Eli Lilly. Eli Lilly shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $8,700,000 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within fourteen days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Eli Lilly and Company as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and taking notice that Defendant, pursuant to a Corporate Integrity Agreement with the Office of Inspector General of the United States Department of Health and Human Services ("CIA"), dated January 14, 2009, retained FTI Consulting, Inc. ("FTI") as an Independent Review Organization to perform reviews in a professionally independent and objective fashion that assess Defendant's systems, processes, policies, procedures and practices related to promotional activities and product-related services, and that under the terms of the CIA, FTI's engagement continues until at least January 14, 2014, Defendant shall comply with all of the undertakings and agreements set forth in the Consent, including, but not limited to, the undertakings to:

(i) retain FTI, within sixty days (60) of the entry of the Final Judgment, to review and evaluate Defendant's internal controls, record-keeping and financial reporting policies and procedures, including those recently revised and implemented by Defendant ("Policies and Procedures"), as they relate to its compliance with the books and records, internal accounting controls, and anti-bribery provisions of the Foreign Corrupt Practices Act ("the FCPA"), codified at Sections 13(b)(2)(A), 13(b)(2)(B) and 30A of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B) and 78dd-1]. Defendant shall provide the Commission's staff with a copy of the agreement detailing the scope of FTI's new responsibilities within sixty (60) days after the entry of the Final Judgment;

(ii) cooperate fully with FTI and provide FTI with access to its files, books, records, and personnel as reasonably requested for the review, provided, however, that Defendant does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other privilege applicable as to third parties;

(iii) require FTI to issue a written Report, within sixty (60) days after being retained to review Defendant's Policies and Procedures: (a) summarizing its review and evaluation, and (b) if necessary, making recommendations based on its review and evaluation that are reasonably designed to improve Defendant's Policies and Procedures. Defendant shall require that FTI provide the Report to the Board of Directors of Eli Lilly and simultaneously transmit a copy to the staff of the Commission at the following address: Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549;

(iv) adopt all recommendations in FTI's report within sixty (60) days of the issuance of the Report; provided, however, that, as to any recommendations that Defendant considers to be unduly burdensome, impractical, or costly, Defendant need not adopt the recommendations at that time, but may submit in writing to the Commission staff, within thirty (30) days of receiving the Report, an alternative policy or procedure designed to achieve the same objective or purpose. Defendant and FTI shall attempt in good faith to reach an agreement relating to each recommendation Defendant considers unduly burdensome, impractical, or costly. In the event that Defendant and FTI are unable to agree on an alternative proposal within thirty (30) days, Defendant will abide by the determinations of the Commission staff;

(v) certify in writing to the Commission staff and FTI within sixty (60) days of the issuance of the Report that Defendant has adopted and implemented all of FTI's recommendations or agreed upon alternatives;

(vi) one year after the certification in paragraph (v) above, require FTI to perform a follow-up review to confirm that Defendant has implemented the recommendations or agreed-upon alternatives and continued the application of Defendant's Policies and Procedures, and to deliver a supplemental report within thirty (30) days to Defendant's Board of Directors and the

Commission staff setting forth its conclusions and whether any further improvements should be implemented;

(vii) require that FTI enter into an agreement with Defendant that provides that for the period of engagement and for a period of two years from completion of the engagement, that FTI shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that FTI will require that any firm with which it is affiliated or of which it is a member, and any person engaged to assist it in performance of its duties under this Order shall not, without prior written consent of the Securities and Exchange Commission's Division of Enforcement, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement. The agreement will also provide that nothing contained therein or contained in this Order, shall affect the rights or obligations of FTI or Defendant under any of the provisions of the CIA;

(vii) agree that these undertakings shall be binding upon any acquirer or successor in interest to Defendant or substantially all of Defendant's assets and liabilities or business; and

(ix) agree that for good cause shown, the Commission's staff may extend any of the procedural dates set forth above; and

(x) certify, in writing, compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The

Commission staff may make reasonable requests for further evidence of compliance and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Kara N. Brockmeyer, Chief of FCPA Unit, Division of Enforcement, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Jan. 2, 2013

_____
UNITED STATES DISTRICT JUDGE